IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST CO., § § § Plaintiff, § § Civil Action No. 3:15-CV-1782-D VS. § § MARK PIERSALL, et al., § § Defendants. § | |

## **ORDER**

In his August 12, 2015 findings, conclusions, and recommendation, the magistrate judge recommends that the court dismiss this removed action for want of prosecution under Fed. R. Civ. P. 41(b). The court declines to adopt the magistrate judge's findings, conclusions, and recommendation. The court also denies defendants' May 22, 2015 application to proceed in district court without prepaying fees or costs.

I

At the outset, the court notes that this case probably was not removable in the first place. The defendants are Texas citizens, and a Texas citizen-defendant cannot remove a case to federal court based on diversity of citizenship. Although the notice of removal asserts that the court has federal question jurisdiction, it is highly doubtful that plaintiff's justice court lawsuit raised a federal question. What is more likely is that defendants are relying on federal defenses, but it is well settled that federal defenses do not give rise to federal question subject matter jurisdiction and confer a right of removal. As the magistrate judge points out in his June 8, 2015 order, defendants have not complied with N.D. Tex. Civ. R. 81.1, so the court does not have before it a copy of the petition, which would enable it to determine whether plaintiff has alleged a federal question claim.

Even if the case is not removable, this type of defect is procedural. *See, e.g., Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 295 n.18 (5th Cir. 2010) ("[A] procedural defect is any defect that does not go to the question of whether the case originally could have been brought in federal district court." (citing *Williams v. AC Spark Plugs Div. of Gen'l Motors Corp.*, 985 F.2d 783, 787 (5th Cir.1993))).

> If a plaintiff initially could have filed his action in federal court, yet chose to file in state court, even if a statutory provision prohibits the defendant from removing the action and the defendant removes despite a statutory proscription against such removal, the plaintiff must object to the improper removal within thirty days after the removal, or he waives his objection.

*Williams*, 985 F.2d at 787.  Accordingly, because plaintiff did not move to remand the case within 30 days of the date the case was removed, it has waived its right to challenge defendants' removal (assuming removal was improper), and the court will proceed to litigate the case.

II

As noted above, defendants have not complied with N.D. Tex. Civ. R. 81.1.  In his August 12, 2015 findings, conclusions, and recommendation, the magistrate judge recommends that the court dismiss the case for want of prosecution under Rule 41(b).  The court declines to adopt this recommendation because Rule 41(b) clearly applies to a *plaintiff's* failure to prosecute a case or to comply with the rules or a court order, not to a *defendant's* failure to do so.  In effect, if the court were to adopt the recommendation and dismiss this lawsuit, it would penalize the plaintiff who filed the lawsuit (and who has not been found at fault in any respect) and reward the defendants (who are the parties who failed to comply with the local civil rules of this court and the magistrate judge's order, and who probably improperly removed the case to this court).  The court declines to do so.

III

Defendants filed on May 22, 2015 an application to proceed in district court without prepaying fees or costs. The court denies the application. It is apparent from the information that defendants have provided that they have the income necessary to pay the filing fee and other costs of litigating this lawsuit (which probably should never have been removed to this court in the first place).

Accordingly, defendants must pay the filing fee to the clerk of court no later than September 10, 2015. If they fail to do so, the court will remand this case to the court from which it was removed.

**SO ORDERED**.

August 27, 2015.

                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE